OPINION
{¶ 1} Defendant-appellant Craig Topps has appealed from his convictions and sentence in four cases, bearing Montgomery App. Nos. 22280, 22281, 22282, and 22283. One of those appeals, Montgomery App. No. 22281, is proceeding normally upon the merits. This appeal is one of the other three, each of which is the result of a *Page 2 
guilty plea, and has resulted in the filing of an appellate brief under Anders v. California (1967), 386 U.S. 738, reflecting that assigned counsel has been unable to find any potential assignments of error having arguable merit. In each of these appeals, we entered an order permitting Topps to file his own, pro se appellate brief within 60 days. He has not done so.
 {¶ 2} In Montgomery App. No. 22280, Topps was indicted on a charge of Possession of Cocaine in an amount not exceeding 5 grams. He initially pled not guilty by reason of insanity. At a hearing following a competency evaluation, Topps stipulated to his competency, and was found competent to stand trial. He then pled guilty to the charge, and, as part of an agreed sentence, was sentenced to one year of imprisonment, to be served concurrently with the sentence in Montgomery App. No. 22283, but consecutively to the sentences in the other two cases, for an aggregate sentence of four years.
 {¶ 3} In Montgomery App. No. 22282, Topps was indicted on a charge of Possession of Cocaine in an amount not exceeding 5 grams. He initially pled not guilty by reason of insanity. At a hearing following a competency evaluation, Topps stipulated to his competency, and was found competent to stand trial. He then pled guilty to the charge, and, as part of an agreed sentence, was sentenced to one year of imprisonment, to be served consecutively to the sentences in the other three cases, for an aggregate sentence of four years.
 {¶ 4} In Montgomery App. No. 22283, Topps was indicted on a charge of Possession of Crack Cocaine in an amount not exceeding one gram. He initially pled not guilty by reason of insanity. At a hearing following a competency evaluation, Topps *Page 3 
stipulated to his competency, and was found competent to stand trial. He filed a motion to suppress evidence, both on unlawful search and seizure grounds, and on grounds that he had made statements without having been given the warnings to which he was entitled under Miranda v.Arizona (1966), 384 U.S. 436. While that motion was pending, Topps pled guilty to the charge, and, as part of an agreed sentence, was sentenced to one year of imprisonment, to be served concurrently with the sentence in Montgomery App. No. 22280, but consecutively to the sentences in the other two cases, for an aggregate sentence of four years.
 {¶ 5} In his Anders brief, Topps's appellate counsel concludes that there are no potentially meritorious assignments of error, reasoning as follows:
 {¶ 6} "After a thorough review of the file and the transcript, and the applicable law, counsel for defendant has concluded that there are no meritorious issues in this appeal. The veteran trial judge flawlessly recited the language required by Criminal Rule 11(C) prior to accepting defendant's guilty plea. The sentencing hearing was unremarkable with the defendant receiving the agreed one year sentence, which was then coupled with the other three cases.
 {¶ 7} "There is nothing in the record to indicate that defendant's guilty plea was anything but knowingly, intelligently and voluntarily made. The sentence given defendant was the maximum allowed, but it had been agreed upon by trial counsel and the court in the plea hearing some five days earlier. It is well settled law in this court that an agreed sentence that is within the limits of the law will not be disturbed on appeal. Thus, there is nothing in the plea acceptance nor in the sentencing process that was not in conformity with the law." *Page 4 
 {¶ 8} We have performed our duty, under Anders v. California, supra, to review the record on appeal independently, and we agree with Topps's assigned appellate counsel's conclusions. We find no potential assignments of error having arguable merit, and conclude that this appeal is wholly frivolous.
 {¶ 9} The judgment of the trial court is Affirmed.
 a. . . . . . . . . . . . . .
BROGAN and GRADY, JJ., concur.
Copies mailed to:
Mathias H. Heck, Jr. Carley J. Ingram Michael H. Holz Hon. Barbara P. Gorman *Page 1